Scott M. Petersen, #7599
Clint R. Hansen, #
**FABIAN VANCOTT**
215 South State Street, Ste. 1200
Salt Lake City, Utah 84151
Telephone: (801) 531-8900
spetersen@fabianvancott.com
chansen@fabianvancott.com

*Attorneys for Defendants United Behavioral Health, and as incorrectly named as Medica, Behavioral Health*

**UNITED STATES DISTRICT COURT,
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ROBERT RAUCH, LESLI RAUCH, and BRENDON RAUCH<br><br>Plaintiff,<br><br>vs.<br><br>MEDICA, MEDICA HEALTH PLANS, MEDICA BEHAVIORAL HEALTH, MEDICA INSURANCE COMPANY, MEDICA CHOICE PASSPORT MN, and UNITED BEHAVIORAL HEALTH<br><br>Defendants. | **Civil No. 2:19-CV-00002-DBP**<br><br>**DEFENDANT UBH'S MOTION TO DISMISS**<br><br>**United States Magistrate Dustin B. Pead** |

**MOTION, STATEMENT OF RELIEF SOUGHT, AND GROUNDS THEREFORE**

Defendant United Behavioral Health, for itself and as incorrectly named as Medica Behavioral Health ("UBH") moves the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiffs' complaint against UBH on the basis that UBH is an improper defendant.

Claims for benefits under 29 U.S.C. 1132(a)(1)(B) are appropriate only against the

1

ERISA plan or a fiduciary of the ERISA plan responsible for benefit payments. Medica Behavioral Health is not an entity, and UBH is neither the plan nor a fiduciary. Thus, the Court should dismiss Plaintiffs' complaint against UBH (for itself, and as incorrectly named as Medica Behavioral Health) as a matter of law, and with prejudice.

## INTRODUCTION

Plaintiffs seek benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA") for treatment Plaintiff Brendon Rauch received at "Foundation House," a "transitional program" for individuals leaving residential treatment. Rauch was an eligible dependent through his mother Lesli's employment with Bachman's Inc. ("Bachman's"). Bachman's sponsored a self-funded group health plan for the benefit of its employees and their eligible dependents (the "Plan"). The Plan is governed by ERISA and provides two levels of appeal of denied claims as well as a voluntary external review by an independent medical reviewer.

Pursuant to an administrative services contract with Bachman, Medica Insurance Company ("Medica Insurance") is the claims administrator for the Plan and has been delegated the discretion to interpret the Plan and make benefits decisions. For mental health claims, Medica Insurance has delegated initial benefit decisions and first level appeals administration to UBH. However, the ultimate second level appeals decisions are made by Medica Insurance, and benefits are fully insured by Medica Insurance in exchange for premium payments from Bachman's.

Plaintiffs submitted a claim to the Plan for Brendon's treatment at Foundation House that was initially denied by UBH as not medically necessary. Plaintiff appealed the denial, and UBH

upheld the denial on the first level appeal.  Thereafter, Plaintiff submitted a second level appeal to Medica Insurance, the final claims decision-maker.  Medica Insurance upheld the denial.  Thereafter, pursuant to the Plan, Plaintiff requested and received, through the Minnesota Department of Commerce, an independent external review by MAXIMUS Federal Services, Inc..  MAXIMUS also upheld Medica Insurance's final denial.  This suit followed.

Plaintiffs contend that the Plan's denial was improper because (1) Brendon's treatment was medically necessary, (2) Medica Insurance and UBH breached fiduciary duties by (a) failing to provide a full and fair review and (b) applying improper medical necessity guidelines, and (3) the Plan imposed non-quantitative mental health treatment limitations that were more strict than their medical/surgical analogues, in violation of the Mental Health Parity and Addition Equity Act of 2008 (the "Parity Act").

All of these claims fail as a matter of law against UBH (on behalf of itself and as incorrectly named as Medica Behavioral Health), as it is not the Plan, a plan administrator, or a claims fiduciary.  Thus, the Court should dismiss both non-entity Medica Behavioral Health and entity UBH with prejudice.

## FACTUAL BACKGROUND

For purposes of this motion only, Defendant UBH admits the following factual allegations as true.  UBH reserves the right to contest any or all of these facts at any other proceeding.

1.     Plaintiffs, Robert and Lesli Rauch, are residents of Minnesota.  (Amend. Compl., ¶ 1, (Dkt.# 11), hereafter "FAC".)  Plaintiff, Brendon Rauch, is a resident of Portland, Maine.  (FAC, ¶ 2.)

2. Through her employment with Bachman's, Inc. ("Bachman's"), Lesli Rauch was an eligible participant in a group health benefit plan (the "Plan") established by Bachman's for the purpose of providing medical benefits to its eligible employees and their dependents. (FAC, ¶¶ 1-2.)

3. The Plan is an employee welfare benefit plan governed by ERISA. (FAC, ¶ 6.)

4. The Plan documents setting forth the coverages, terms and conditions of the Plan applicable to the claim which forms the subject matter of this action are entitled (a) the "Medica Choice Passport MN Benefits & Coverage Certificate" ("Certificate") and (b) the "Master Group Contract Between Bachman's, Inc. and Medica Insurance Company" ("Master Contract"). (Affidavit of Maria Edwards in Support of Motion to Dismiss or, Alternatively, to Transfer Venue [Dkt. # 24], ¶¶ 3 & 4, hereafter "Edwards Aff."; FAC, ¶ 1.)[1]  True and correct copies of the Certificate and the Master Contract are attached respectively, as Exhibits 1 and 2 to the Edwards Aff.

5. The Master Contract notes:

This Contract includes Exhibit 1, Exhibit 2, the Group Application, Member enrollment forms, the Certificate of Coverage ("Certificate"), and any Amendments, all of which together shall constitute the entire agreement between Medica and Employer concerning the health insurance coverage provided under this Contract.

(Master Contract, Art. 1 Introduction.)

---

[1] On a motion to dismiss, the Court may consider applicable plan documents without converting the motion to one for summary judgment under Rule 56, where the plan documents are referred to in the complaint and are central to the plaintiffs' claim for benefits. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *see also Poyner v. New Albertsons, Inc.*, No. 2:08 CV 1007 (TC), 2009 WL 2984040, at *1 n.1 (D. Utah Sept. 17, 2009) (considering plan documents on motion to dismiss) (unpublished). Here, the Plan is central to Plaintiffs' amended complaint and forms the basis on which they claim benefits. (*See generally*, FAC.)

6. UBH, either in its own name or as incorrectly named as Medica Behavioral Health, is not mentioned anywhere in either Plan document.  (*See* Master Contract; Certificate.)

7. Claims are administered by Medica Insurance (Master Contract, Art. 9; Certificate at 5), and medical benefits are provided by Medica Insurance through various methods, in exchange for premium payments by Bachman's.  (Master Contract, Art. 1 ("Medica will provide coverage to Members for the Benefits set forth in the Certificate and any amendments, subject to all terms and conditions, including limitations and exclusions, in this Contract."); Certificate at 87-88.)

8. Medica Insurance, not UBH, makes the final determination for benefits. (Master Contract, Art. 9; Certificate at 119-22; Edwards Aff., ¶¶ 4, 12, 20.)  The Plan provides a claims process by which claimants may submit claims, as well as a review process if a claim is denied. (Certificate at 92-93.)  Regardless, at all levels, Medica Insurance is specifically charged by the Plan with both administering claims (Certificate at 92-93) and first and second level appeals. (Certificate at 119-121.)

9. The Plan states:

> Medica has discretion to interpret and construe all of the terms and conditions of the Contract and make determinations regarding benefits and coverage under the Contract . . .

(Certificate at 124.)

10. However, in performing its plan administration duties, the Plan also authorizes Medica Insurance to utilize other third parties.  The Plan provides:

> Medica may arrange for various persons or entities <u>to provide administrative services on its behalf</u>, including claims processing and utilization management services. To ensure efficient administration of your benefits, you must cooperate with them in the performance of their responsibilities.

(Certificate at 4) (underlining added.)

11. Medica Insurance has arranged with United Behavioral Health ("UBH"), to provide claims processing services for initial claims for mental health benefits. (Edwards Aff., ¶ 10.) In addition, Medica Insurance has also arranged with UBH to provide claims administration services for first level claim appeals. (*Id*., ¶ 11.)

12. If a claimant is not satisfied with the appeal decision, she may submit to Medica Insurance (not UBH) a "second level of review" appeal. (Certificate at 120-21.) A claimant unsatisfied with the second level appeal may submit a written request for an external review to the Minnesota Department of Commerce. (Certificate at 121-22.)

13. If the claimant remains unsatisfied with the external review decision, she may file a civil action under ERISA. (Certificate at 122.)

14. Plaintiffs submitted claims for Brendon's treatment at Foundation House to the Plan. (FAC, ¶ 27). Medica Insurance transmitted the claim for review to UBH, which denied the claim. (*See* Edwards Aff. at ¶ 16; FAC, ¶ 28.)

15. On December 7, 2015, Plaintiff Leslie Rauch submitted a first level of review appeal to the Plan. (FAC, ¶ 31.) The first level appeal was reviewed by UBH who, on January 4, 2016, notified Ms. Rauch that its initial decision on the claim was upheld. (*See* Edwards Aff., ¶¶ 17-18; FAC, ¶ 33.)

16. On December 20, 2016, Leslie Rauch submitted a second level of review appeal. (FAC, ¶ 36). Medica Insurance performed this review and rendered a final decision on the claim on March 22, 2017, determining that benefits were properly denied under the Plan. (*See* Edwards Aff., ¶ 20, FAC, ¶ 38.) UBH had no involvement in the final decision. (Edwards Aff., ¶ 20.)

17. Lesli Rauch then submitted a written request for an external review to the Minnesota Department of Commerce, which retained "MAXIMUS Federal Services, Inc." to perform the independent review. (FAC, ¶¶ 39-40.) The external reviewer upheld Medica Insurance's final denial. (FAC, ¶ 40.)

18. Plaintiffs assert one cause of action under ERISA, 29 U.S.C. § 1132(a)(1)(B), seeking an award of benefits under the Plan, as well as pre and post-judgment interest and attorneys' fees. (FAC, ¶ 59.)

19. However, Plaintiffs also allege breaches of ERISA's fiduciary duty (29 U.S.C. § 1104) and procedural (29 U.S.C. § 1133) provisions. (FAC, ¶¶ 47-50).

## ARGUMENT

### I. DISMISSAL IS APPROPRIATE.

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court should accept as true all factual allegations in a complaint when considering a motion to dismiss, the same is not true of legal conclusions. *Id.* at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough, nor are "naked assertions devoid of further factual enhancement." *Id.* (citation and alteration omitted). Courts considering claims pled under ERISA are particularly directed to engage in a "careful, context-sensitive scrutiny" of a complaint's allegations prior to forcing the parties into costly discovery so the court can separate the "plausible sheep from the meritless goats." *Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct.

2459, 2470-71 (2014). Against this standard, Plaintiffs' Complaint should be dismissed as against UBH.

## II. UBH IS AN IMPROPER DEFENDANT.

The Plaintiffs' single cause of action is for benefits under § 1132(a)(1)(B). (*See* FAC). Plaintiffs seek benefits, interest on the benefits, and attorney fees. (FAC, ¶¶ 60-62). UBH is an improper defendant to this claim, however, because it has no obligation to pay benefits to Plaintiffs. As a matter of law, UBH cannot be liable to Plaintiffs on a claim for recovery of benefits because it is neither the Plan, nor a fiduciary of the Plan.

"The ERISA statute is clear: ERISA beneficiaries may bring claims against the plan as an entity and plan administrators." *Geddes v. United Staffing Alliance Employee Medical Plan*, 469 F.3d 919 (2006). In fact, 29 U.S.C. § 1132(d)(2) provides that: "any money judgment . . . against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this title." This is so because a cause of action for benefits must be brought against the party having the obligation to pay them. *Larson v. United Healthcare Ins. Co.*, 723 F.3d 905, 913 (7th Cir. 2012).

### A. UBH Is not the Plan.

UBH (either in its own name or as incorrectly named as Medica Behavioral Health) is not the Plan. The "Plan" for ERISA purposes, is comprised of, in relevant part, the Master Contract and the Certificate. They have nothing to do with UBH. Moreover, ERISA plans are, by statute, separate entities that can sue and be sued. 29 U.S.C. § 1132(d)(1). Thus, UBH is not the Plan and cannot be liable as the Plan.

### B. UBH Is not the Plan Administrator.

UBH is not the Plan "administrator" as defined by ERISA. ERISA defines a plan "administrator" as:

> (i) the person specifically so designated by the terms of the instrument under which the plan is operated; (ii) if an administrator is not so designated, the plan sponsor; or (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe.

29 U.S.C. § 1002(16)(A). Here, the Plan does not specifically designate a plan administrator. In fact, the Plan states: "Medica shall not be named as and shall not be the plan administrator of the employee welfare benefit plan, as that term is used in ERISA." (Master Contract, Art. 9.) Because the Plan does not designate a plan administrator, the administrator is the Plan sponsor by default. ERISA defines plan "sponsor" as the employer. 29 U.S.C. § 1002(16)(B). Thus, the Plan Sponsor is Bachman's. Regardless, the "Plan administrator" for ERISA purposes is not UBH.

### C. UBH Is not a Claim Fiduciary.

Finally, UBH is not a claim fiduciary under ERISA. The Plan specifically identifies Medica Insurance as the claim fiduciary. "Medica shall only be considered a named fiduciary for purposes of claims adjudication." (Master Contract, Art. 9.) UBH is not a claims fiduciary because it does not pay benefits, make final benefits decisions, or administer the Plan. Rather, UBH is a non-fiduciary third party to whom Medica Insurance delegated portions of its administrative duties while reserving to itself, final authority over all benefit determinations. Such actions do not endow UBH with any fiduciary status. As the Tenth Circuit explained in *Geddes*:

>Once a health plan administrator, the ERISA counterpart to trust law's fiduciary-trustee, has been delegated discretionary authority under the terms of the ERISA plan, nothing prevents that administrator from then delegating portions of its discretionary authority to non-fiduciary third parties, as any similarly-situated trustee may do. This is especially true when such delegation is explicitly authorized by the plan document. The plan administrator remains liable, however, for decisions rendered by its agents, just as a trustee remains ultimately responsible for the actions of his delegates. In the instant case, the Plan specifically empowered its fiduciary . . . to employ an independent third party to review benefit claims, even while reserving to [itself] final authority over all benefit determinations.

*Geddes*, 469 F.3d at 926.

Just as in *Geddes*, the Plan here authorized Medica Insurance to delegate certain duties (in this case, initial mental health decisions and first level appeals) to third-party UBH while reserving to itself final benefits decisions and payment of claims.  As in *Geddes*, Medica Insurance remains liable for UBH's decisions as its agent, and the Plan and Medica Insurance remain the only proper defendants.  UBH is an improper party and should be dismissed.

The Seventh Circuit explained it this way:

>By necessary implication, . . . a cause of action for "benefits due" must be brought against the party having the obligation to pay.  In other words, the *obligor* is the proper defendant on an ERISA claim to recover plan benefits. *See Feinberg*, 629 F.3d at 673 ("The proper defendant in a suit for benefits under an ERISA plan is, in any event, normally the plan itself . . . because the plan is the obligor.").  Typically the plan owes the benefits and is the right defendant.  *See Leister*, 546 F.3d at 879.  But not always. Health plans are often structured around third-party payors.  When an employee-benefits plan is implemented by insurance and the insurance company decides contractual eligibility and benefits questions and pays the claims, an action against the insurer for benefits due "is precisely the civil action authorized by § 1132(a)(1)(B)."

*Larson*, 723 F.3d at 913.

In sum, ERISA clearly states that a judgment for benefits shall be enforceable only

against the plan as an entity or against an entity who would be liable in its "individual capacity." 29 U.S.C. § 1132(d)(2).  The Plan is equally clear that UBH will never be liable for benefits, either as the Plan or in its individual capacity.  Thus, it is an improper Defendant and should be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should grant UBH's motion and dismiss all of Plaintiffs' claims for failure to state a claim for which relief can be granted.

Dated this 17th day of July 2019,

/s/ Scott M. Petersen
Scott M. Petersen
FABIAN VANCOTT

*Attorneys for Defendant United Behavioral Health, for itself, and as incorrectly named as Medica Behavioral Heath*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 17th day of July, 2019, a true and correct copy of the foregoing document was served on the following counsel of record electronically *via* the Court's ECF system when uploaded for filing as follows:

Eric Nielson
Laura Nielson
G. ERIC NIELSON & ASSOCIATES
4790 S. Holladay Blvd.
Holladay, Utah 84117
ericnielson@ericnielson.com
lauranielson.newbold@gmail.com

*Attorneys for Plaintiffs*

/s/ Scott M. Petersen
Scott M. Petersen